UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT ALAN WALLACE                                                               PLAINTIFF

v.                              Civil No. 1:18 -cv-01012

NANCY A. BERRYHILL, Commissioner                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Robert Alan Wallace ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

On August 5, 2015, Plaintiff protectively filed a Title II application and a Title XVI application. (Tr. 10). In his applications, Plaintiff alleged he was disabled due damaged nerves

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr. ___"

and ligaments in his left hand and back pain with an alleged onset date of August 4, 2010. (Tr. 10, 226). The claim was denied initially on October 20, 2015, and again upon reconsideration on December 7, 2015. (Tr. 119, 132).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 138, 155). An administrative hearing was held on March 17, 2017, in Little Rock, Arkansas. (Tr. 25-55). At the administrative hearing, Plaintiff was present and was represented by counsel, Greg Giles. (*Id*.). Plaintiff and Vocational Expert ("VE") Myrtle M. Johnson testified at this hearing. (*Id*.). On the date of this hearing, Plaintiff testified he was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI), and testified he had completed the twelfth grade in special education classes. (Tr. 30, 32). Plaintiff amended the onset date to December 31, 2014, at the time of the hearing. (Tr. 29).

On June 8, 2017, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 7-20). In this decision, the ALJ found Plaintiff met the last insured status requirements through December 31, 2014, which was also the amended alleged onset date. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 21, 2014. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: left (non-dominant) hand injury on August 4, 2010, status-post surgeries; back injury on July 15, 2009, status-post lumbar kyphoplasty; carpal tunnel syndrome; and left knee arthritis. (Tr. 12-13, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and

determined they were only partially consistent with the evidence. *Id*. Second, the ALJ determined Plaintiff returned the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to perform work that involves occasional climbing, stooping, kneeling, crouching, and crawling; reaching and handling up to 10 pounds with the left (non-dominant) hand; and use his left hand as an assistive device. Additionally, the claimant is able to perform unskilled, rote activities; understand, follow, and remember concrete instructions; tolerate superficial contact with co-workers, supervisors, and the public at unskilled (e.g. meet/greet, make change, do simple instructions and directions).

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 18, Finding 6). The ALJ found Plaintiff was defined as a younger individual on the amended alleged disability onset date, but subsequently changed age category to closely approaching advanced age. (Tr. 18, Finding 7). The ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, specifically that of a counter clerk or a furniture rental consultant. (Tr. 19, Finding 10). The ALJ based this determination upon the testimony of the Vocational Expert. (Tr. 19, Finding 10).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 191). On January 25, 2018, the Appeals Council declined to review Plaintiff's appeal. (Tr. 1). On February 23, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 13, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

## 2. **Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff alleges his case should be reversed and remanded for immediate award of benefits for the following reasons: (A) the ALJ failed to afford proper weight to the opinions of Plaintiff's treating physicians; and (B) the ALJ's RFC determination was not supported by substantial evidence. ECF No. 12. In response, Defendant argues that there is no basis for reversal in this case. ECF No. 14. The Court will address each of these arguments.

**A. Residual Functional Capacity Analysis**

Plaintiff argues that the ALJ did not properly consider the medical opinion offered by his treating physicians, whose opinions he argued should be accorded special deference. (ECF No. 12, pp. 5-13). Plaintiff more generally argues the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 12

The ALJ gave only moderate weight to the opinions of Dr. Wharton, reasoning that Dr. Wharton's treatment notes documented mostly intact physical and mental functioning on

5

examination which undermined his opinions in both letters and an RFC assessment form that Plaintiff was severely limited. (Tr. 17).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

"The opinion of a treating physician is accorded special deference under the social security regulations" and "normally entitled to great weight." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010). "However, the Commissioner may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017). The Commissioner may also assign "little weight" to a treating physician's opinion when it is either internally inconsistent or conclusory. *Chesser v. Berryhill*, 858 F.3d 1161, 1164–65 (8th Cir. 2017).

6

In this case, although Dr. Wharton's opinion evidence was conclusory, the ALJ granted his opinions moderate weight in consideration of the fact that he was a treating physician and was familiar with Plaintiff's condition and medical history. (Tr. 17). The ALJ considered the medical evidence that showed multiple surgeries prior to the adjudicatory period, and the evidence from the relevant time period which showed largely normal mental and physical examinations performed by Dr. Wharton. (Tr. 15-17, 676, 681, 685, 689-690, 693, 701-702, 706, 709, 765, 769, 773, 778, 783, 805, 810-811, 814-815, 818-819). Additionally, in October of 2015 Dr. Wharton noted Plaintiff's back pain was improving. (Tr. 786). During this visit, Dr. Wharton performed a physical examination with normal findings aside from moderately reduced rage of motion and tenderness in the lumbar spine. (Tr. 788). In September of 2015, Plaintiff reported that his back pain was aggravated by bending, changing positions, daily activities, and walking but was relieved by pain medications and injections. (Tr. 674). In October of 2015, Dr. Wharton noted Plaintiff's back pain was improving and symptoms were relieved by heat and rest, he also described Plaintiff's neuropathy as moderate. (Tr. 786). Later that month, Plaintiff reported his neuropathic pain was moderate, describing his symptoms as chronic and controlled, and that he benefitted from the use of Lyrica. (Tr. 790). Plaintiff refers to records from 2010 and 2011 showing Plaintiff underwent extensive surgeries on his left hand and was advised that he could not use his left hand for any work activities that required frequent and forceful lifting, gripping, pushing or pulling using his left hand. (ECF No. 12, pp. 4-6). Aside from noting the ALJ's RFC findings do not conflict with this opinion, the Court notes these records are from three to four years before the amended alleged onset date of December 31, 2014. Further, the ALJ did acknowledge these surgeries, but found the evidence from the relevant time period showed largely normal examination findings and conservative treatment. (Tr. 15-17).

7

Plaintiff also argued the ALJ did not base his RFC determination on substantial evidence, objecting specifically to the ALJ finding Plaintiff could use his left hand despite evidence his left hand was non-functional. (ECF No. 12, p. 14). At the administrative hearing, Plaintiff testified that he did not use his left hand to hold things out of fear he would drop it, but that he is able to use it to guide things, giving the example of using his wrist on top of a steering wheel. (Tr. 41). In July of 2015, Dr. Wharton had a follow up visit with Plaintiff which included treatment for his left hand. (Tr. 684-686). Dr. Wharton noted Plaintiff's neuropathic pain was from his degloving accident and directed Plaintiff to continue taking his prescribed 150mg of Lyrica. (*Id.*). In July of 2016, Plaintiff was seen by Dr. Wharton who noted his left-hand numbness had an associated symptom of muscle weakness, was relieved by the medication Lyrica, and characterized this problem as stable; advising Plaintiff to continue his 150mg Lyrica and return in three months. (Tr. 809-811). The ALJ also noted that Dr. Wharton routinely advised Plaintiff to increase his physical activity in both 2015 and 2016. (Tr. 16).

Finally, the ALJ considered the opinions of State agency medical consultants, who agreed that Plaintiff retained the capacity for light work with occasional postural activities. (Tr. 17, 67-68, 80-81). However, the ALJ found these consultants did not adequately account for Plaintiff's profound left-hand injury, chronic pain, or the combined impact of his various musculoskeletal/orthopedic problems including obesity and therefore included greater limitations in his RFC findings. (Tr. 17).

After considering these findings, the Court finds no basis for reversal on this issue.

**B. Subjective Complaints**

In his appeal brief, Plaintiff alleges the ALJ did not properly consider the statements of his longtime friend, Jesse Kelley, and his pastor, Edgar Hill. (ECF No. 12, p. 16). Mr. Kelly wrote

8

that Plaintiff was not physically able to perform work due to back, hand, and knee problems and was not mentally able to perform work due to medications. (Tr. 824). Mr. Hill wrote that Plaintiff's hands made him unable to work and elaborated that as an electrical contractor he would not be able to use Plaintiff due to his physical condition. (Tr. 832).

In this case, the ALJ expressly considered the statements of three lay person witnesses: Jesse Kelly, Edgar Hill, and Debra Wallace. (Tr. 18). The ALJ considered the three statements together and afforded little weight to each, as they were not disinterested third party witnesses and the medical records suggested somewhat greater functioning than opined. (Tr. 18). The ALJ additionally noted that the ultimate issue of disability is reserved to the Commissioner, and these statements were conclusory. (*Id*.). The ALJ considered and these lay witness statements and provided appropriate reasonings for affording them little weight. (*Id.*). Accordingly, Court finds no basis for reversal on this issue.

### C. Hypothetical Given to Vocational Expert

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. (*Id*.). Based on the Court's previous conclusion that the ALJ's RFC findings are supported by substantial evidence, the Court holds that the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id*., see also *Lacroix*, 465 F.3d at 889.

**4. Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this 19th day of March 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE